IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT J. MASTRELLA,** : | CIVIL ACTION NO. 1:20-CV-1037 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **LOUIS DEJOY, POSTMASTER** : | |
| **GENERAL, UNITED STATES** : | |
| **POSTAL SERVICE,** : | |
| **Defendant** : | |

**MEMORANDUM**

Plaintiff Robert J. Mastrella filed this action against his employer, the United States Postal Service, alleging discrimination and retaliation in violation of several federal statutes. Defendant Louis DeJoy, United States Postmaster General, moves for summary judgment on Mastrella's remaining claim for retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. We will grant the motion.

I.   **Factual Background & Procedural History**[1]

Mastrella began employment with the Postal Service in 1995. (See Doc. 57 ¶ 1). At all times relevant to this litigation, the Postal Service employed Mastrella as

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements. (See Docs. 57, 61). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, we cite directly to the statements of material facts.

a "Manager, Maintenance Operations" ("MMO") at the Processing and Distribution Center in Harrisburg, Pennsylvania ("Harrisburg Center" or "Center").  (See id.)  Mastrella was one of three MMOs at the Harrisburg Center along with Brian Sands and Robert McCormick.  (See id. ¶ 3).  Compensation for MMOs is subject to a rubric known as the "Executive Administrative Schedule" ("EAS").  (See id. ¶¶ 2-3).  The Postal Service classified Mastrella, Sands, and McCormick at "EAS-22" throughout the period relevant to this motion.  (See id. ¶¶ 2-3).

In 2013, the Postal Service adopted a new matrix which calculated the EAS level for MMOs based upon the number of maintenance employees allocated to a facility.  (See id. ¶¶ 4-6; see also Doc. 61-2 at 12-13).  The 2013 matrix fixed the pay level for MMOs at two levels below the pay level of their immediate supervisor, the Manager Maintenance ("MM").  (See Doc. 57 ¶¶ 5-6; see also Doc. 61-2 at 13).  If the number of maintenance employees was between 157 and 196, the level for the MM was EAS-24 and the MMOs were EAS-22; for facilities with a maintenance staff complement between 197 and 296, the MM was paid at EAS-25 and the MMOs at EAS-23.  (See Doc. 57 ¶ 6).

Under the 2013 matrix, the Postal Service should have elevated Mastrella and the other MMOs at the Harrisburg Center to EAS-23 in 2016 based on an increase in the size of the Center's maintenance staff and again in 2018 after the Postal Service hired Marlon Williams to serve as the Center's MM at EAS-25.  (See Doc. 57-2, Danielsen Dep. 25:3-19, 26:12-16; see also Doc. 65 at 5-6 (admitting failure to elevate Mastrella and other MMOs was error)).  The Postal Service, however, failed to

2

increase Mastrella's, Sand's, or McCormack's pay level, (see Danielsen Dep. 25:11-19, 26:17-19; see also Doc. 65 at 5-6), at least prior to initiation of this litigation.[2]

Mastrella filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") on June 28, 2018, related to the Postal Service's failure to increase his pay. (See Doc. 57 ¶ 23; Doc. 61 ¶ 23). Mastrella's EEOC complaint alleged, *inter alia*, Barbara Kirchner, the Postal Service's Manager of Field Human Resources ("HR Field Manager") for Central Pennsylvania between August 2010 and March 2018, blocked his elevation to EAS-23 to retaliate against him for filing a previous claim with the EEOC in 2013. (See Doc. 57 ¶¶ 15-17, 23; Doc. 57-4 at 6-8). On July 20, 2018, approximately three weeks after Mastrella filed his 2018 EEOC complaint, the Postal Service's Vice President of Employee Resource Management, Simon Storey, issued a memo ("Storey memo") freezing pay levels for all MMs across the Postal Service and, by implication, for MMOs. (See Doc. 57 ¶ 14; Danielsen Dep. 18:23-19:6, 20:5-11, 21:11-22:2).

Mastrella filed this lawsuit in June 2020. At the motion-to-dismiss stage, we read Mastrella's amended complaint as advancing several claims against the Postal Service but narrowed his complaint to only one claim: retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. Following a period of discovery, the Postal Service filed for summary judgment. The motion is fully briefed and ripe for disposition.

---

[2] The Postal Service represents Mastrella was elevated to EAS-23 on November 14, 2022, and compensated for the periods between 2016 and 2019 when he should have been paid at EAS-23. (See Doc. 65 at 6; see also Doc. 65-1).

3

## II. <u>Legal Standard</u>

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the nonmoving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. See <u>Pappas v. City of Lebanon</u>, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non[]moving party and draw all reasonable inferences in that party's favor." <u>Thomas v. Cumberland County</u>, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the nonmoving party on the claims. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-57 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See <u>Pappas</u>, 331 F. Supp. 2d at 315.

## III. <u>Discussion</u>

To establish a *prima facie* case for retaliation under the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 791 *et seq.*, Mastrella must demonstrate (1) he engaged in conduct protected by the Act, (2) the Postal Service took adverse action against him, and (3) a causal link exists between the protected conduct and the adverse action. See <u>Mastrella v. DeJoy</u>, No. 1:20-CV-1037, 2021 WL 5396076, at *5 (M.D. Pa. Nov. 18, 2021) (Conner, J.) (citing 29 U.S.C. § 794(d); 42 U.S.C. § 12203(a); <u>Connelly v. Lane Const. Corp.</u>, 809 F.3d 780, 789 (3d Cir. 2016)). At the Rule 12(b)(6)

4

stage, we limited Mastrella's claims to a single retaliation claim advancing the theory the Postal Service issued the Storey memo to punish Mastrella for his 2018 EEOC activity. See id. at *7. Our holding was grounded in our finding the alleged three-week temporal proximity between Mastrella filing his EEOC complaint and the Postal Service's issuance of the memo was close enough to nudge the causation element of Mastrella's retaliation claim across the line into the plausible. See id. at *6-7. We cautioned Mastrella, however, that temporal proximity alone "is unlikely to be adequate evidence . . . at summary judgment" to link the memo—which froze pay levels nationwide for an entire class of employees—to the EEOC activity of a single employee. See id. at *6-7 & n.6.

       We are now at the summary-judgment stage, and Mastrella must support his retaliation claim with facts in the record. See Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) (citing Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109-10 (3d Cir. 1985)). Yet in response to the Postal Service's renewed challenge to the lack of a causal link between Mastrella's 2018 EEOC complaint and the Storey memo, (see Doc. 58 at 2, 8-9), Mastrella fails to mention the Storey memo at all—much less connect it, with supporting evidence, to

5

his protected activity.³  Hence, we find Mastrella has abandoned the only claim that remains in this action, his 2018 retaliation claim related to the Storey memo.  See Pa. Pro. Liab. Joint Underwriting Ass'n v. Wolf, 509 F. Supp. 3d 212, 223 (M.D. Pa. 2020) (Conner, C.J.) (collecting cases); Malibu Media, LLC v. Doe, 381 F. Supp. 3d 343, 361 (M.D. Pa. 2018) (Conner, C.J.) (citing Stauffer v. Navient Sols., LLC, 241 F. Supp. 3d 517, 519 n.3 (M.D. Pa. 2017) (Conner, C.J.)).

In lieu of pursuing the 2018 retaliation claim associated with the Storey memo, Mastrella proffers two new retaliation claims, to wit: the Postal Service retaliated against him by failing to raise his pay level to EAS-23 in 2016 after the MM at the Harrisburg Center was elevated to EAS-25 and again in 2018 after the Postal Service hired Williams to serve as MM at EAS-25.  (See Doc. 62 at 8).

---

³ Mastrella asserts in his responsive statement of facts that the Postal Service "intentionally prevented" him from discovering information related to the memo. (See Doc. 61 ¶ 14).  It is incumbent on the seeker of discovery to raise any deficiency or dispute with the court before the close of discovery.  See Michaels v. Rutgers Univ., No. 15CV7603, 2017 WL 4536115, at *2 (D.N.J. Oct. 11, 2017) (citing Ford Motor Co. v. Edgewood Props., 257 F.R.D. 418, 421, 426 (D.N.J. 2009)); see also, e.g., Santiago v. N.Y. & N.J. Port Auth., No. 2:11-CV-4254, 2015 WL 1107344, at *2 (D.N.J. Mar. 11, 2015) (citation omitted) ("[A] party must file a motion to compel discovery *with the Court* prior to the close of the discovery period or the request is untimely."); Frazier v. SCI Med. Dispensary Dr. + 2 Staff Members, No. 1:07-0194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16, 2009) (citation omitted) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances.").  Our civil practice order, issued January 25, 2021, explains what counsel must do to raise a discovery dispute with the court; the process is not onerous and merely requires the complaining party to file a letter to the docket requesting a telephonic discovery conference.  (See Doc. 16 ¶ 9).  Discovery closed April 18, 2022, without Mastrella ever filing a letter or otherwise bringing a discovery dispute to our attention.  Mastrella's objection raised in a responsive Rule 56.1 statement of facts—filed 11 months after the close of discovery—is untimely. See Ford Motor Co., 257 F.R.D. at 426 (waiting eight months to object to defendant's allegedly deficient discovery production is unreasonable).

Mastrella suggests in both instances Kirchner intentionally failed to submit the paperwork necessary to elevate him to EAS-23 to punish Mastrella for his EEOC activities. (See id. at 8-10).

A plaintiff cannot raise claims at the summary-judgment stage that are not encompassed within the four corners of the operative pleading. See Spence v. City of Philadelphia, 147 F. App'x 289, 291-92 (3d Cir. 2005) (nonprecedential) (citing, *inter alia*, Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 641-42 (3d Cir. 1993)); see also Torain v. City of Philadelphia, No. CV 14-1643, 2023 WL 174951, at *7 (E.D. Pa. Jan. 12, 2023) (collecting cases). If a plaintiff uncovers a new potential claim during the course of discovery, the proper course is to seek leave to amend their pleading. See Spence, 147 F. App's at 292 (quoting Josey, 996 F.2d at 642). The defendant otherwise lacks fair notice of the need to defend against these potential liabilities. See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 499 n.1 (3d Cir. 1997); Spence, 147 F. App'x at 292.

Mastrella's amended complaint does not articulate—expressly or impliedly—a retaliation claim based on Kirchner's conduct in 2016 or 2018; as we noted in our prior opinion in this case, the complaint only plausibly advances a retaliation claim based on the 2018 hiring freeze. See Mastrella, 2021 WL 5396076, at *7. Mastrella's new claims concern similar effect (denying Mastrella an increase to his pay level) but involve different conduct by different people years apart from the retaliatory action (the Storey memo) undergirding his 2018 retaliation claim. To consider Mastrella's additional claims would prejudice the Postal Service, which has had not had a fair opportunity to explore Kirchner's alleged retaliation by omission. See

7

Krouse, 126 F.3d at 499 n.1; Spence, 147 F. App'x at 292.  For all these reasons, we will not consider these late-raised claims.[4]

**IV.    Conclusion**

We will grant the Postal Service's motion for summary judgment.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    August 21, 2023

---

[4] Even if we were to allow Mastrella to thwart settled procedure and court-ordered deadlines and grant him leave to amend his pleading 11 months after the close of discovery, Mastrella makes no effort to meet the procedural prerequisites for pursuing his additional claims.  He makes no mention of the Rule 15(a) standard for leave to amend, fails to establish his claims have been properly exhausted as required by 29 C.F.R. § 1614.105(a)(1), see Mastrella, 2021 WL 5396076, at *6, and offers no explanation as to how his claims are timely given the two-year statute of limitations on retaliation claims brought under the Rehab Act in Pennsylvania, see Disabled in Action of Pa. v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008) (citing 42 PA. CONS. STAT. § 5524(2)); Fowler v. UPMC Shadyside, 578 F.3d 203, 207 (3d Cir. 2009) (citing Disabled in Action, 539 F.3d at 208); see also, e.g., Datto v. Harrison, 664 F. Supp. 2d 472, 482 (E.D. Pa. 2009); (same); O'Shea v. Interboro Sch. Dist., No. 13-CV-6305, 2014 WL 1673237, at *4 (E.D. Pa. Apr. 28, 2014) (same).  Therefore, we decline to construe Mastrella's response as a motion for leave to amend.

8